Memorandum. That part of the order of the Appellate Division, as appealed from and which affirmed a judgment of Supreme Court, Bronx County, convicting defendant, on his *304 plea of guilty, of attempted burglary in the third degree and imposing sentence, should be affirmed.
Defendant was convicted, after a jury trial, of attempted assault in the first degree, reckless endangerment in the first degree and possession of a weapon as a felony. Subsequent to the rendition of the jury’s verdict, defendant pleaded guilty to attempted burglary in the third degree in satisfaction of an indictment charging burglary in the first degree and in further satisfaction of charges under two other indictments and a misdemeanor charge pending in Criminal Court. For each of the crimes for which defendant was found guilty by the jury, sentence to an indeterminate term of from one and one-half to five years was imposed, to be served concurrently. For the crime to which he pleaded guilty, defendant was sentenced to an indeterminate term of four years, to be served concurrently with the sentences imposed upon the convictions after trial. Upon appeal, the Appellate Division reversed the convictions based on the jury’s verdict, on the law and the facts and in the exercise of discretion, and granted a new trial.
Defendant contends that his guilty plea should be vacated since it was the tainted fruit of unconstitutionally obtained trial convictions, that it lacked a factual basis and that if he did not so plead he would again be subjected to the outrageous prosecutorial abuse which had marked the just concluded trial. The record reveals that, at the time of plea, defendant responded in the negative when asked if anyone threatened him or coerced him into pleading guilty. No promise was made concerning sentence except that the prosecutor agreed that he would recommend at the time of sentence that the punishment received as a result of the guilty plea would be concurrent with that imposed in connection with the three crimes for which there was a jury verdict. When asked if he pleaded guilty to the facts that on a given date he entered an apartment of one Davis at a specified address and committed an assault in said premises, he replied, "Yes, I am pleading guilty to the indictment”. The fact that the indictment to which defendant pleaded guilty involved a marital dispute and an entry into his mother-in-law’s apartment is irrelevant as a basis for vacating his plea.
Significantly, in People v Flowers (30 NY2d 315), it was stated that an application to set aside a guilty plea, on the often asserted ground it was exacted from defendant by duress of circumstances, is entitled more often than not to short *305 shrift when supported only by the convicted defendant’s say-so (p 317). Moreover, the circumstances of this case are readily distinguishable from those requiring the vacating of the guilty plea in Flowers. There, defendant made a motion to withdraw his guilty plea before sentence and the court transcripts demonstrated that "to some extent defendant’s guilty plea was occasioned by duress.” Here, there was no application to withdraw and the record, far from showing duress or even coercion, indicates there was none—supported by defendant’s own statement. In Flowers, there was substantial indication that defendant was fearful of physical violence in the jail where he was detained; here, there was no threat of physical force and, since the record contains no expression of defendant’s fears, we are left to speculate what was in his mind.
Defendant’s plea of guilt was entered after consulting with counsel, concerning whom he voices no complaint. Defendant on trial was represented by the same attorney and on sentence thé court remarked, and defendant agreed, that his lawyer "conducted a very aggressive defense in your behalf.” Defendant’s rights were protected by a reversal of his convictions at trial and he should not now be permitted to take advantage, in this action terminated by plea, of the fact that there has been a subsequent reversal in the action involving trial, and thus renounce the understanding made at the time of plea. To permit such a carry-over on these facts would serve as a dangerous precedent. Furthermore, defendant has not demonstrated that his plea to a reduced charge, after consultation with counsel, resulted from fear arising from the trial on separate charges, rather than apprehension resulting from the pending charges or from the taking advantage of the offer made.